UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FORBES,<br><br>  Plaintiff,<br><br>  v.<br><br>DR. PATEL, et al.,<br><br>  Defendants. | Case No.: 1:16-cv-00707-BAM PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS<br><br>(ECF Nos. 10, 11) |

## I.   Background

Plaintiff Robert Forbes ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on May 20, 2016. Plaintiff consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 5.)

On September 15, 2016, the Court issued an order requiring Plaintiff to file an amended complaint or notify the Court that he is willing to proceed on the claims the Court found cognizable within thirty (30) days of service. (ECF No. 10.) On September 23, 2016, that order was returned by the United States Post Office as undeliverable, because Plaintiff was "discharged."

Subsequently, on December 8, 2016, the Court issued an order directing Plaintiff to show cause within fourteen (14) days of service, why this action should not be dismissed for failure to

1

prosecute and failure to obey a court order. (ECF No. 11.) Plaintiff has not provided the Court with his current address, responded to the Court's orders, or otherwise communicated with the Court.

## II.     Discussion

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

Here, the action has been pending for over seven (7) months, and Plaintiff has been uncommunicative with the Court for nearly three (3) of those months. Despite multiple attempts to communicate with Plaintiff, he has been non-responsive to the Court's orders. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move

a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re PPA, 460 F.3d at 1228.

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d at 1424. The Court's September 15, 2016 order expressly warned Plaintiff that his failure to comply with that order would result in dismissal of this action for failure to obey a court order. (ECF No. 10, p. 6.) The Court's December 9, 2016 order to show cause gave Plaintiff a second warning that the failure to respond to the Court's orders would result in dismissal of this action. (ECF No. 11, p. 2.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. Also, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

In summary, Plaintiff filed this action but is no longer prosecuting it. The Court cannot afford to expend resources resolving unopposed dispositive motions in a case which Plaintiff is no longer prosecuting.

**III.    Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1.    This action is dismissed for the failure to prosecute and the failure to obey the Court's September 15, 2016 order (ECF No. 10), and December 9, 2016 (ECF No. 11) order;

2.    The Clerk of the Court is directed to terminate all pending deadlines and motions, and close this case.

IT IS SO ORDERED.

Dated:    **January 5, 2017**            /s/ *Barbara A. McAuliffe*            
                        UNITED STATES MAGISTRATE JUDGE